UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JENNIFER M.,

                    Plaintiff,

v.                                             1:21-CV-0980
                                              (GTS/ATB)
COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
_____

APPEARANCES:                                OF COUNSEL:

OLINSKY LAW GROUP                  HOWARD D. OLINSKY, ESQ.
  Counsel for Plaintiff
250 South Clinton Street, Suite 210
Syracuse, New York 13202

SOCIAL SECURITY ADMINISTRATION    NATASHA OELTJEN, ESQ.
 Counsel for Defendant                     Special Assistant U.S. Attorney
Office of the General Counsel
6401 Security Boulevard
Baltimore, Maryland   21235

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

     Currently before the Court, in this Social Security action filed by Jennifer M. ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. § 405(g), are (1) the Report and Recommendation of United States Magistrate Judge Andrew T. Baxter recommending that Plaintiff's motion for judgment on the pleadings be denied, and that Defendant's motion for judgment on the pleadings be granted, (2) Plaintiff's Objections to the Report and Recommendation, and (3) Defendant's memorandum of law in

response to Plaintiff's Objections. (Dkt. Nos. 19, 20, 21.) For the reasons set forth below, the Report and Recommendation is accepted and adopted in its entirety.

I. **RELEVANT BACKGROUND**

    A. **Plaintiff's Objections to the Report-Recommendation**

Generally, in her Objections, Plaintiff argues that the residual functioning capacity ("RFC") determination of the Administrative Law Judge ("ALJ") is unsupported by substantial evidence, because he failed to properly evaluate the opinion of Plaintiff's treating chiropractor, Dr. Joseph S. Gulyas, that Plaintiff could not work for more than four-hours in an eight-hour workday. (Dkt. No. 20.) More specifically, Plaintiff argues that Magistrate Judge Baxter erred in finding that the ALJ had adequately explained the consistency and supportability factors in assigning Dr. Gulyas' opinion only limited weight, as required by the governing regulations (20 C.F.R. § 404.1520c and 20 C.F.R. § 416.920c). (*Id*.) For example, with regard to the consistency factor, Plaintiff argues that the ALJ never mentioned two March 2012 opinions from a worker's compensation examiner, which were "consistent" with Dr. Gulyas' four-hour limitation opinion. (*Id*.) Moreover, with regard to the supportability factor, Plaintiff argues that the ALJ failed to discuss any of the several years' worth of medical records that document Dr. Gulyas' findings of pain, tenderness, limited range of motion, muscle spasm, positive orthopedic testing, abnormal posture, subluxations, trigger points, and fatigue. (*Id*.)

    B. **Defendant's Response to Plaintiff's Objection**

Generally, in response to Plaintiff's Objections, Defendant argues that the ALJ's RFC determination is supported by substantial evidence, because he adequately explained the consistency and supportability factors in assigning Dr. Gulyas' opinion only limited weight. (*Id*.) More specifically, Defendant argues that Magistrate Judge Baxter properly found that the

ALJ had adequately explained the consistency factor, because (a) the ALJ cited evidence in support of his ultimate RFC assessment (including a 2012 statement from a treating source, the conclusion of a state agency physician, the opinion of a consultative examiner, opinions from a worker's compensation examiner, and Plaintiff's activities), and (b) the only purportedly "consistent" pieces of evidence that Plaintiff identifies in her Objections (i.e., two March 2012 opinions from a worker's compensation examiner) were not "medical source opinions" (for purposes of the governing regulations) and in any event they were both explicitly temporary in nature.  (*Id*.)   Moreover, Defendant argues that Magistrate Judge Baxter properly found that the ALJ had adequately explained the supportability factor, because (a) the ALJ had stated that Dr. Gulyas's four-hour limitation was "undermined by Dr. Gulyas's own prior assessments of only 20% to 37% temporary impairment," (b) the Dr. Gulyas did not otherwise explain his four-hour limitation opinion, either in the opinion form itself or in his treatment notes, and (c) the ALJ sufficiency acknowledged Plaintiff's "chiropractic treatment" and found that it justified limiting Plaintiff to a narrow range of sedentary work.  (*Id*.)

## II.     GOVERNING LEGAL STANDARD

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."   28 U.S.C. § 636(b)(1)(C).   Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific written objections," and must be submitted "[w]ithin 14 days after being served with a copy of the recommended disposition."   Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C).   "A judge of the court shall make a *de novo* determination of those portions of the [Report and Recommendation] . . . to which objection is made."  28 U.S.C. § 636(b)(1)(C); *accord* Fed. R. Civ. P. 72(b)(2).   "Where, however, an

objecting party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Caldwell v. Crosset*, 09-CV-0576, 2010 WL 2346330, at * 1 (N.D.N.Y. June 9, 2010) (quoting *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008)) (internal quotation marks omitted). Additionally, a district court will ordinarily refuse to consider an argument that could have been, but was not, presented to the magistrate judge in the first instance.  *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a  district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp. 2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

### III.   ANALYSIS

After carefully reviewing the relevant filings in this action, including Magistrate Judge Baxter's thorough Report-Recommendation and the parties' responses thereto, the Court can find no clear error in the numerous portions of the Report-Recommendation that Plaintiff has not specifically challenged, and no error at all in the sole portion of the Report-Recommendation that Plaintiff has specifically challenged: Magistrate Judge Baxter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  (*See generally* Dkt. No. 19.)   The Court renders this finding for the reasons stated in the Report-Recommendation and Defendant's response to Plaintiff's Objections.  (*See generally* Dkt. No. 19, at VI(B); Dkt.

No. 21, at "Argument").  *See also, supra*, Part I of this Decision and Order.  To those reasons, the Court adds only point.

As a threshold matter, the Court finds that the argument asserted in Plaintiff's Objections simply reiterates an argument asserted in his original brief.  (*Compare* Dkt. No. 20, at 1 [Plf.'s Obj., arguing that "[t]he ALJ's RFC determination is unsupported by substantial evidence as she failed to properly evaluate the opinion evidence of record in accordance with the regulations"] *with* Dkt. No. 14, at 8 [attaching page "6" of Plf.'s Brief, arguing that "[t]he ALJ's RFC is unsupported by substantial evidence because she failed to properly evaluate the opinion of Dr. Gulyas and provided flawed reasoning for discounting the opinion"].)  As a result, the Court need review the challenged portion of the Report and Recommendation only for clear error.  *See, supra,* Part II of this Decision and Order.  The Court finds that the challenged portion easily survives that review.  In any event, the Court finds that the challenged portion survives even a de novo review, for the reasons stated in the prior paragraph of this Decision and Order.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report and Recommendation (Dkt. No. 19) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Commissioner's determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: February 27, 2023
       Syracuse, New York

Glenn T. Suddaby
U.S. District Judge